UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERESA CARNIDAD ECHEMENDIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-53-TS |
| ) | |
| GENE B. GLICK MANAGEMENT ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Plaintiff, Teresa Carnidad Echemendia, sued the Gene B. Glick Management Corporation, three apartment complexes that it operates, and four of its employees. The Plaintiff also sued the Secretary of the Department of Housing and Urban Development. The Plaintiff alleges that the Defendants violated the Fair Housing Act, Section 504 of the Rehabilitation Act, and the United States Constitution. In her Motion to Amend Complaint [DE 26], filed on May 31, 2005, the Plaintiff proposed to add a claim under Indiana Fair Housing law, I.C. § 22-9.5 *et seq*. This matter is before the Court on the Plaintiff's Motion to Amend and on the non-governmental defendants Motion to Dismiss [DE 18] the Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

**PROCEDURAL BACKGROUND**

On February 8, 2005, the Plaintiff filed her motion for leave to proceed *in forma pauperis*, which the Court granted on February 24, 2005. The Plaintiff's Complaint alleges that the Defendants violated "the Fair Housing Act, Fair Housing As Amended 1988, Section 504 of the Rehabilitation Act 1973, the Code of Federal Regulations (24 C.F.R.), the U.S. Code (Title 42), and Executive

Order 12892, Executive Order 11063, Executive Order 13217, and Amendment IV of the U.S. Constitution." (Pf.'s Compl., Jurisdictional Statement.)

On April 11, 2005, the non-governmental Defendants filed a Motion to Dismiss. On May 13, 2005, the Plaintiff moved to amend her complaint to add a state claim for violation of Indiana Fair Housing laws. On May 31, 2005, the Plaintiff responded to the Defendants' Motion to Dismiss and on June 14, the Defendants replied. The Defendants also opposed the Plaintiff's Motion to Amend on June 14. On June 29, the Plaintiff filed a sur-response, which was also a reply to the Defendants' response to her Motion to Amend.

On July 8, 2005, the United States moved to dismiss the Plaintiff's Amended Complaint against HUD under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Plaintiff responded on August 22, 2005. The government's motion is still pending.

**STANDARD OF REVIEW**

**A. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*,

67 F.3d 605, 608 (7th Cir. 1995). However, in examining whether a complaint adequately states a claim for which relief may be granted, this court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claim or to assign weight to unsupported conclusions of law. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992). The complaint does not need to specify the correct legal theory or point to the right statute to survive a 12(b)(6) motion to dismiss provided that "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999)). In addition, *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed however inartfully pleaded. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306 (7th Cir. 1993).

**B. Motion to Amend Complaint**

Federal Rule of Civil Procedure 15 allows a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Here, the Defendants have not filed a "responsive pleading." *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) ("It is well settled in this circuit that a motion to

dismiss is not a 'responsive pleading' within the meaning of Rule 15(a).") (citing *Northlake Cmty. Hosp. v. United States*, 654 F.2d 1234, 1240 (7th Cir. 1981) and *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961)). Thus, the Plaintiff retains her right to amend once as a matter of course under Rule 15(a). *Id.*; *see also LaBatt v. Twomey*, 513 F.2d 641, 651 (7th Cir. 1975) (finding that the plaintiff retained the ability to amend as of right after filing of a motion for summary judgment).

  The "right" to amend, however, is not absolute. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998) (noting that "case law acknowledges one exception to the right to amend the complaint once before the filing of a responsive pleading"); *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991). Even if no responsive pleading has been filed, a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss. *Duda*, 133 F.3d at 1057 n.4; *Perkins*, 939 F.2d at 472 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Glick v. Koenig*, 766 F.2d 265, 268–69 (7th Cir.1985); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir.1983); *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1391 & n.1 (7th Cir. 1983); *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982); *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir. 1972)); *see also Howard v. Philip Morris USA, Inc.*  98 Fed. Appx. 535, 537 (7th Cir. 2004) (holding that "a district court need not permit the filing of an amended complaint, even before a responsive pleading has been filed, if the amended complaint fails to cure deficiencies in the original complaint"). "To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs. Rule 15(a) does not require the courts to undertake such an exercise." *Perkins*, 939 F.2d at 472.

4

**COMPLAINT ALLEGATIONS**

The Plaintiff lives at Woodbridge Apartments, which are managed by the Gene B. Glick Management Corporation (Glick). Fairington Apartments and Richfield Apartments are also managed by Glick. Defendants Kolleen Scott, Cindy Bane, Sharon Hankins, and Desiree Elett are employees or former employees of Glick.

When the Plaintiff moved to amend her complaint, she purported to incorporate her proposed amended complaint into her Motion to Amend Complaint. The manner of the Plaintiff's presentation of her proposed amended complaint, however, raises the issue of which allegations are properly before the Court on the Defendants' Motion to Dismiss.

"It is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio*." *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204–05 (7th Cir. 1998); *see also Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir. 1958) ("It is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter *functus officio*."). "If certain facts or admissions from the original complaint become *functus officio*, they cannot be considered by the court on a motion to dismiss the amended complaint. A court cannot resuscitate these facts when assessing whether the amended complaint states a viable claim." *Kelley,* 260 F.2d at 1205.

In her twelve-page proposed amended complaint, the Plaintiff refers to allegations she made in her original thirty-one-page complaint and then expounds further on those claims. The amended complaint is not complete in itself. The *pro se* Plaintiff did not intend, by her submissions, to abandon the allegations contained in her original complaint. Rather, the proposed amended

5

complaint was to be an addition to, not a substitution of, her original claims. In using this approach to amend her Complaint, the Plaintiff has not complied with Local Rule 15.1:

> A party who moves to amend a pleading shall attach the original of the amendment to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion.

N.D. Ind. L.R. 15.1.

Nonetheless, for purposes of addressing the Defendants' motion to dismiss, the Court will consider the Plaintiff's proposed amendments as if they were incorporated into the original complaint. In addition to Rule 15.1's directive that failure to comply with the Rule is not grounds for denial of the motion to amend, the Defendant has argued that the proposed amendments should be denied for the same reasons that the Complaint should be dismissed. Thus, there is no prejudice to either party in the Court's approach and, given the pending Motion to Dismiss, it is more efficient that requiring the Plaintiff to resubmit her entire amended complaint at this point in the litigation.

The Plaintiff's Complaint and proposed amendments are not the model of clarity. However, the Plaintiff's claims can be fairly categorized as follows: (1) the Defendants discriminated against her on the basis of her disability; (2) the Defendants discriminated against on the basis of her Hispanic ethnicity; (3) the Defendants failed to accommodate her disability; (4) the Defendants violated her equal protection rights; (5) the Defendants violated her right to privacy; (6) the Defendants breached their contract with her; and (7) the Defendants retaliated against her for voicing her complaints. The Plaintiff contends that the Defendants conspired in these unlawful activities. The Plaintiff alleges numerous specific incidents in support of her Fair Housing Act, Rehabilitation Act, and constitutional claims. The Plaintiff claims that these incidents were an attempt to force her

from her apartment for the various unlawful reasons stated above.

## DISCUSSION

The Defendants argue that the Plaintiff's Fair Housing Act Claims are time barred because the FHA requires that actions by persons claiming discrimination must be filed "not later than two years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Many of the allegations contained in the Complaint occurred more than two years before the Plaintiff filed her Complaint on February 8, 2005. The Defendants contend that the instances falling within the statute of limitations do not rise to the level of a discriminatory practice requiring Fair Housing Act review. The Defendants oppose the Plaintiff's Motion to Amend Complaint because an action under Indiana's Fair Housing laws would also be time barred under its one year statute of limitations, Indiana Code, section 22-9.5-7-1(a). Additionally, the Defendants submit that the Plaintiff's Fourth Amendment claims must fail because the Defendants are not state actors.

The Plaintiff responds that her Complaint alleges an ongoing conspiracy to deprive the Plaintiff of her civil rights and that the doctrine of continuing violation applies. She contends that the discriminatory and retaliatory acts began on September 10, 2001, and still continue today. In response to the Defendants' claim that they are not state actors under 42 U.S.C. § 1983, the Plaintiff contends that the term is not limited to those who act under color of law as agents of states. The Plaintiff points to *Bivens v. Six Unknown Federal Narctics Agents*, 403 U.S. 388 (1971), in support of her response and contends that the Defendants have acted as "agents for enforcement of HUD regulations and, therefore, may be considered as state actors." (Pf.'s Resp. at 4.)

In reply, the Defendants argue that the Plaintiff, at best, has alleged a series of discrete but related acts, but has not alleged a continuing wrong. Moreover, they assert, she does not allege an "injury" within the two-year statute of limitations.

**A. Statute of Limitations**

Federal Rule of Civil Procedure 3 provides for the commencement of a civil action "by filing a complaint with the court." Fed. R. Civ. P. 3. Here, the Plaintiff's Complaint was filed on February 8, 2005, despite the accompanying request to proceed *in forma pauperis* not being granted until February 24. *See Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 n.5 (7th Cir.1988). ("[A] complaint is deemed 'filed' within the meaning of [Rule] 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk."); *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987) (If a "plaintiff has filed a complaint in compliance with the statute and the Federal Rules of Civil Procedure, it should be deemed 'filed' for statute of limitations purposes."); *see also McCrum v. Elkhart County Dept. of Public Welfare*, 806 F. Supp. 203, 207 (N.D. Ind.1992) (noting that the statute of limitations is tolled during the pendency of a petition to proceed *in forma pauperis*) (citing *Coulibaly v. T.G.I. Friday's Inc.*, 623 F. Supp. 860 (S.D. Ind.1985)).

The Fair Housing Act employs a two-year statute of limitations. Thus, the Plaintiff cannot sue for acts occurring before February 7, 2003. However, if the continuing violation doctrine applies, the plaintiff may obtain relief for time-barred acts by linking them with acts that are within the limitations period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). Under this doctrine, the statute of limitations is not tolled per se, but rather left open until a final injury has accrued. *See*

8

*Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). The Seventh Circuit has described a continuing violation as "a continuous series of events giv[ing] rise to a cumulative injury." *Id.*, 253 F.3d at 320.

In *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), the Supreme Court applied the continuing violation doctrine to an FHA claim. The Court held that claims challenging "an unlawful practice" under the FHA are timely as long as the "last asserted occurrence of that practice" falls within the limitations period. *Havens*, 455 U.S. at 380–81. An allegation of a continuing violation under the FHA is treated differently than an allegation of a discrete act of discrimination for statute of limitations purposes. *Id.*; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–16 (2002) (holding in Title VII case that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges" as compared to claim for hostile work environment which necessarily involves "a series of separate acts that collectively constitute one" unlawful practice).

The FHA's statute of limitations, which was amended in 1988, is consistent with the holding in *Havens*. Under the statute, an aggrieved person's claims are timely if they are filed "not later than 2 years after the occurrence or the *termination* of an alleged discriminatory housing practice. . . ." 42 U.S.C. § 3613(a)(1)(A) (emphasis added); *see also* H.R. Rep. No. 100-711 at 33 (June 17, 1988) (reaffirming concept of continuing violations under which the statute of limitations is measured from the date of the last asserted occurrence of the unlawful practice and citing to *Havens*). Indiana's relevant statute of limitations mirrors the language of the federal act. An aggrieved party may file a claim "not later than one (1) year after the occurrence of [sic] the *termination* of an alleged discriminatory housing practice . . . ." I.C. § 22-9.5-7-1(a) (emphasis added)

9

The question in this case is whether the Plaintiff has properly alleged that the Defendants engaged in a pattern or practice of violating the FHA or Indiana statute, or whether she has simply alleged a series of related, but discrete, acts of discrimination. Unfortunately, the parties have not attempted to answer this question. The Court is not convinced that the Plaintiff has alleged a pattern or practice of misconduct, but neither is it convinced that her allegations are characterized more accurately as a series of discrete happenings. Although the Defendants address the Plaintiff's claim that the continuing violation doctrine applies to her case, it does so in only a conclusory manner, without any analysis. The entirety of the Defendants' response follows:

> Plaintiff contends that the "continuing violation" doctrine makes her claims timely. At best, Plaintiff has alleged a series of discrete but related acts. Plaintiff does not allege a continuing wrong. Nor does she allege an "injury" within the two (2) year limitations period. This failure is fatal to her claim. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 102, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2001); *CSC Holdings, Inc. v. Redisi*, 309 F. 3d 988, 992 (7th Cir. 2002).

(Def. Reply at 1.)

By failing to apply the Plaintiff's claims to the relevant legal standards, the parties have left the Court with the task of sifting through the Plaintiff's thirty-page Complaint and twelve-page proposed amendments to determine whether the statute of limitations bars the Plaintiff's FHA and Indiana statutory claims. But it is not the court's responsibility to "scour the party's various submissions to piece together appropriate arguments. A court need not make a lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).

Additionally, the Court notes that the Defendants' argument that FHA claims should be dismissed because the "events detailed by the Plaintiff that are alleged to have taken place in the last two years . . . do not rise to the level of a discriminatory practice with would require Fair Housing Act review" is also underdeveloped. (Def. Mot. at 3.) Thus, even if the Court had enough

10

information at this preliminary stage of the proceedings to determine that the events outside the two-year limit were time-barred, it would not be able to dismiss the entire action against the Defendants.

The Defendants' Motion to Dismiss the Plaintiff's FHA claims as untimely is denied and the Plaintiff may amend her complaint to allege violations of Indiana's fair housing laws. However, the Defendants are not foreclosed from arguing, in future motions or proceedings, that the Plaintiff's claims are untimely and that the continuing violation doctrine does not save the untimely claims.

**B. Under Color of State Law—the Plaintiff's Constitutional Claims**

In any § 1983 action the plaintiff must prove two essential elements: (1) that the conduct complained of was committed by a person acting under the color of law and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Although the Plaintiff alleges various constitutional violations, she does not specifically mention § 1983 in her Complaint. The Plaintiff argues in response to the Defendants' Motion to Dismiss that the Supreme Court's decision in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), applies to her case.

*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. *Id.*, 403 U.S. at 389, 397 (finding an implied damage remedy for violation of Fourth Amendment by federal agents). The Plaintiff's constitutional claims are based on one incident involving an inspection of her apartment that was required by HUD. The Plaintiff alleges that the Defendants acted as agents for HUD when they demanded an inspection of her apartment. (Pf.'s Compl., ¶ 18) (alleging that the "required inspection infringes on her right to be free from

11

unreasonable search because the agent for Gene B. Glick acts as an agent for HUD and that the plaintiff has no right to refuse this inspection, as she will lose her assistance if she were to do so"). The Defendants have not addressed the Plaintiff's agency arguments.

In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the United States Supreme Court declined to extend *Bivens* to private entities that engage in constitutional deprivations while acting under color of federal law. Accordingly, the Plaintiff's constitutional claims against Glick and the apartment complexes that it manages are dismissed. The Plaintiff can prove no set of facts in support of her constitutional claims against these Defendants that would entitle her to relief. (Pf.'s Compl., ¶ 18.) Whether the Plaintiff can pursue her constitutional claims against the individual Defendants, Scott, Hankins, Bane, and Elett, remains to be seen.[1]

In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937–42 (1982), the Supreme Court established a two-part framework for determining the presence or absence of state action. Courts have applied the "state action" analysis set forth in *Lugar* to determine whether the conduct of a private party should be attributed to the federal government. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 801 (3d Cir. 2001). Under this test, courts must ask "first whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in [federal] authority . . . and second, whether the private party charged with the deprivation could be described in all fairness as a [federal] actor." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991) (applying *Lugar*) (citations omitted). The Court concluded that, in the final analysis, the state

---

[1] The Plaintiff mentions Defendants Hankins, Bane, and Elett in paragraph eighteen of her Complaint, which contains the allegations regarding the inspection of her apartment. In paragraph three of her proposed amendments, the Plaintiff alleges that Bane and Scott were involved in an illegal inspection of her apartment. It is not clear whether the Plaintiff is referring to one inspection or to two separate inspections. The Plaintiff does not provide a date for the inspection referenced in her original Complaint.

action determination must be based on the specific facts and the entire context of a given case. "'Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance.'" *Lugar*, 457 U.S. at 939 (citing *Burton* v. *Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)).

Because the parties have not addressed whether, based on the specific facts and the entire context of this case, Scott, Hankins, Bane, and Elett were federal actors in relation to the inspections of the Plaintiff's apartment, it is not appropriate for the Court to dismiss the constitutional claims against these individuals at this stage in the proceedings.

However, the Plaintiff's proposed amendment to her constitutional claims suffers from another defect. *Bivens* actions, like actions under § 1983, are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Thus, the Plaintiff's claim is governed by Indiana's two-year statute of limitations for personal injuries. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (citing *Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 182 (7th Cir.1996); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir.1994); I.C. § 34-11-2-4). In her proposed amendment, the Plaintiff contends that the HUD inspection occurred on or about July 8, 2002. The Plaintiff did not file her Complaint until February 8, 2005, well over two years after the alleged constitutional deprivation. She did not seek to amend her Complaint until even later. The proposed amendment would not survive a motion to dismiss and the Plaintiff's Motion to Amend is denied as to the constitutional claims. In addition, since the Plaintiff only mentions Scott in relation to the time-barred July 8, 2002, inspection, the constitutional claims against Scott are dismissed.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Amend her Complaint [DE 26] is GRANTED in PART and DENIED in PART as to the non-government Defendants. The Motion is still pending as to HUD and will be addressed in a separate opinion and order. The Plaintiff's proposed amendments as merged into her original Complaint and the parties are to consider both pleadings as representing the Plaintiff's claims in this Court. The Defendant's Motion to Dismiss [DE 18] is GRANTED in PART and DENIED in PART. The Constitutional claims against Defendants Glick Management Corporation, Woodbridge Apartments, Fairington Apartments, Richfield Apartments, and Kolleen Scott are DISMISSED with PREJUDICE.

SO ORDERED on September 27, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT