UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERESA CARNIDAD ECHEMENDIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CV-53-TS |
| | ) | |
| GENE B. GLICK MANAGEMENT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Teresa Carnidad Echemendia, sued the Gene B. Glick Management Corporation, three apartment complexes that it operates, and four of its employees. The Plaintiff also sued the Secretary of the Department of Housing and Urban Development (HUD). This matter is before the Court on a Motion to Amend Complaint [DE 26], filed by the Plaintiff on May 13, 2005, and a Motion to Dismiss [DE 31] filed by the United States on July 8, 2005. The government submits that the Plaintiff's action against it must be dismissed under Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted.

**PROCEDURAL BACKGROUND**

On February 8, 2005, the Plaintiff filed her motion for leave to proceed *in forma pauperis*, which the Court granted on February 24, 2005. The Plaintiff seeks damages for violations of the Fair Housing Act, Section 504 of the Rehabilitation Act, the United States Constitution, and Indiana Fair Housing law, I.C. § 22-9.5 *et seq*.

On April 11, 2005, the non-governmental Defendants filed a Motion to Dismiss. On May 13,

2005, the Plaintiff moved to amend her complaint to add a state claim for violation of Indiana Fair Housing laws. On May 31, 2005, the Plaintiff responded to the Defendants' Motion to Dismiss and on June 14, the Defendants replied. Also on June 14, the Defendants opposed the Plaintiff's Motion to Amend. On June 29, the Plaintiff filed a sur-response, which was also a reply to the Defendants' response to her Motion to Amend. On September 27, 2005, the Court granted in part and denied in part the non-governmental Defendants' motion to dismiss and granted the Plaintiff leave to amend her complaint against those Defendants not dismissed by the Court's order.

On July 8, 2005, the United States moved to dismiss the Plaintiff's Amended Complaint against HUD. The Plaintiff responded on August 22, 2005. After obtaining an extension of time, the government replied on October 3, 2005. On October 17, 2005, the Plaintiff requested an extension of time to file a response to the government's reply. The Plaintiff submitted that further briefing was required to address new arguments presented by the government in its reply.

**DISCUSSION**

**A.     Motion to Amend Complaint**

Federal Rule of Civil Procedure 15 allows a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Here, the government has not filed a "responsive pleading." *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) ("It is well settled in this circuit that a motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a).") (citing *Northlake Cmty.*

*Hosp. v. United States*, 654 F.2d 1234, 1240 (7th Cir. 1981) and *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961)). Thus, the Plaintiff retains her right to amend once as a matter of course under Rule 15(a). *Id.*; *see also LaBatt v. Twomey*, 513 F.2d 641, 651 (7th Cir. 1975) (finding that the plaintiff retained the ability to amend as of right after filing of a motion for summary judgment).

The "right" to amend, however, is not absolute. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998) (noting that "case law acknowledges one exception to the right to amend the complaint once before the filing of a responsive pleading"); *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991). Even if no responsive pleading has been filed, a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss. *Duda*, 133 F.3d at 1057 n.4; *Perkins*, 939 F.2d at 472 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Glick v. Koenig*, 766 F.2d 265, 268–69 (7th Cir.1985); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir.1983); *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1391 and n.1 (7th Cir. 1983); *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir.1982); *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir.1972)); *see also Howard v. Philip Morris USA, Inc.* 98 Fed. Appx. 535, 537 (7th Cir. 2004) (holding that "a district court need not permit the filing of an amended complaint, even before a responsive pleading has been filed, if the amended complaint fails to cure deficiencies in the original complaint"). "To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs. Rule 15(a) does not require the courts to undertake such an exercise." *Perkins*, 939 F.2d at 472.

Given this state of the law, the Court considers the Motion to Amend in conjunction with the government's Motion to Dismiss.

3

**B.      Standard of Review for Motion to Dismiss**

The government seeks dismissal under Rules 12(b)(1) and (b)(6). It contends that the Plaintiff has failed to establish subject matter jurisdiction because she has not shown that HUD waived its sovereign immunity. When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should address the Rule 12(b)(1) challenge first, because dismissal under this rule renders all other motions for dismissal moot. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986). "[T]here is no set form for determining a contested issue of jurisdiction." *Crawford*, 796 F.2d at 930. Although a party may request an evidentiary hearing when the defendant asserts the court lacks subject matter jurisdiction, "[o]ften the only evidence necessary to resolve a jurisdictional issue is documentary." *Id.* at 928–29. How a court evaluates a jurisdictional challenge is a question of judicial discretion rather than mandates. *Id.* at 929. In *Crawford*, the Seventh Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction based solely on documentary evidence. *Id.* at 929–30.

The government contends that the Court has sufficient evidence to resolve the jurisdictional issue and does not need an evidentiary hearing. The Plaintiff does not disagree. The Court finds that the question whether the United States has waived its sovereign immunity does not require an evidentiary hearing. For the following reasons, the Plaintiff's claims against HUD are not properly before this Court and must be dismissed under Rule 12(b)(1). The Plaintiff's proposed amendments are also futile and the Plaintiff is denied leave to amend her complaint against HUD.

**C.     Sovereign Immunity**

Federal district courts are open to litigants only if there is a source of jurisdiction, since the power to decide a case must be conferred and not assumed. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir.1986). It is a basic axiom that the United States may not be sued absent a waiver of its sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *see also Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (The United States may not be sued without its express consent.) A waiver of the federal government's sovereign immunity must be unequivocally expressed in statutory text. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 37 (1992). A necessary corollary to this rule is that any conditions attached to legislation waiving the government's immunity "must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). Because HUD is a federal agency, the Plaintiff must allege both the basis for the Court's jurisdiction and the specific statute that supplies the waiver. *Thomas v. Pierce*, 662 F. Supp. 519, 523 (D. Kan. 1987).

The government acknowledges that this Court has exclusive jurisdiction over tort claims against the United States for money damages, but contends that this jurisdiction only exists when the statutory procedures for asserting such a claim have been followed. Here, the Plaintiff did not file an administrative claim as required by the Federal Tort Claims Act. 28 U.S.C. § 2675(a).

**1.     *Fair Housing Act Claims***

The Plaintiff argues that she was not required to comply with the FTCA because Congress waived HUD's sovereign immunity. The Plaintiff cites *In re Epps*, 110 B.R. 691 (E.D. Pa. 1990), in support of her argument. In *Epps*, the plaintiff's suit arose out of her involvement in HUD's

5

mortgage assignment program. The court stated that HUD's sovereign immunity was waived under § 1702 of the National Housing Act of 1934, which provides as follows:

> The Secretary [of Housing and Urban Development] shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX-B, and X of this chapter, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

12 U.S.C. § 1702.

The Plaintiff also relies on a similar provision that was enacted as part of the Housing Act of 1948. This section provides that

> [t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended, [42 U.S.C. § 1437 *et seq.*] and title II of Public Law 671, Seventy-sixth Congress, approved June 28, 1940, as amended [42 U.S.C. § 1501 *et seq.*]. . . .

42 U.S.C. § 1404a.

The Plaintiff's claim, however, arises under the Fair Housing Act, 42 U.S.C. §§3601–3631. The Plaintiff cannot point to a similar provision in the Fair Housing Act as the FHA is devoid of such a clause. The FHA makes it unlawful, in connection with the sale, rental, financing, or brokerage of housing, to discriminate against a person on the basis of race, color, religion, sex, handicap, national origin, or familial status. 42 U.S.C. § 3604. The FHA also makes it unlawful to intimidate or threaten a person who is exercising her rights under the FHA. *Id.* § 3617. A person who has been injured by a discriminatory housing practice may file a complaint with the Secretary of HUD, which may lead to a civil suit by the complainant against a fund recipient if voluntary compliance is not attained. *Id.* § 3610(a)–(d). An aggrieved person may also file suit to obtain relief with respect to discriminatory housing practices, and the Attorney General may intervene in the civil action. *Id.* § 3613. These provisions provide a judicial remedy against the fund recipient. They are

6

not a clear and unambiguous waiver of the United States' sovereign immunity. *See Boyd v. Browner*, 897 F. Supp. 590, 595 (D.D.C. 1995) (holding that FHA does not unambiguously waive the government's sovereign immunity defense), *aff'd by Boyd v. Browner*, 107 F.3d 922 (D.C. Cir. 1996); *cf. Marinoff v. U.S. Dept. of Housing and Urban Dev.*, 892 F. Supp. 493 (S.D.N.Y. 1995) (finding that the plaintiff could not sue HUD because the FHA provides no express or implied right of action against HUD).

The Plaintiff may intend, by her Complaint, to state a claim under § 3608(d), which provides that "[a]ll executive departments and agencies shall administer their programs and activities relating to housing and urban development . . . in a manner affirmatively to further the purposes of this subchapter . . . ." 42 U.S.C. § 3608(d). However, such a claim would still be unsuccessful because this section does not create an implied private right of action against a federal agency that fails to meet its responsibilities under this provision. *Jones v. Office of Comptroller of Currency*, 983 F. Supp. 197, 202 (D.D.C. 1997); *see also Godwin v. Sec'y of Housing and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (dismissing claim against HUD for lack of subject matter jurisdiction because FHA creates no explicit or implicit cause of action for review of Secretary's decision to dismiss case); *Pleune v. Pierce,* 697 F. Supp. 113, 119–20 (E.D.N.Y. 1988) (dismissing FHA claim against HUD because statute does not provide a private right of action and citing cases); *Latinos Unidos De Chelsea En Accion (Lucha) v. Sec'y of Housing and Urban Dev.*, 799 F.2d 774, 793 (1st Cir. 1986) (holding that a remedy against HUD for failure to comply with § 3608(d) is available only pursuant to the APA). Moreover, even if an implied cause of action existed under § 3608(d), "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (quotations marks and citations omitted).

7

The FHA does not contain an express waiver of sovereign immunity and the "sue and be sued" clauses of 12 U.S.C. § 1702 and 42 U.S.C. § 1404a do not apply to civil rights actions against HUD. *See Seldon Apts. v. United States Dept. of Housing and Urban Dev.*, 785 F.2d 152, 156–58 (6th Cir. 1986) (finding that sovereign immunity barred claim that HUD engaged in racial discrimination in awarding the sale of apartments); *United States v. Yonkers Bd. of Educ.*, 594 F. Supp. 466, 470–71 (D.N.Y. 1984) (noting that several recent attempts to extend the reach of § 1702 to civil rights actions against HUD were rejected by the courts with little or no discussion); *see also Furtick v. Medford Housing Auth.*, 963 F. Supp. 64, 72 (D. Mass. 1997) ("Section 1404a does not 'unequivocally express' an intent to extend this waiver to claims alleging violations of other housing acts or more generalized civil rights statutes.").[1]

The government's defense of sovereign immunity under the FHA is well taken. The Plaintiff's claims against HUD for violations of the FHA are dismissed under Federal Rule of Civil Procedure 12(b)(1).

**2.    *Rehabilitation Act Claims***

The Plaintiff's Complaint alleges that HUD was negligent in its enforcement of Section 504 of the Rehabilitation Act. (Pf.'s Comp., ¶¶ 8, 11.) The Rehabilitation Act does not contain a specific waiver of sovereign immunity for violations of § 504. "The clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations

---

[1] The Court is aware of *Baker v. F & F Investments Co.*, 489 F.2d 829 (7th Cir. 1973), in which the Seventh Circuit held that a "sue and be sued" waiver provision closely analogous to 42 U.S.C. § 1404a extended to claims brought against the Secretary of HUD under 42 U.S.C. §§ 1981 and 1982. The Court does not find *Baker* applicable here. *Baker* was decided before the Supreme Court's pronouncement in *United States v. Nordic Village*, 503 U.S. 33 (1992), that waivers of sovereign immunity for monetary damages must be clear and unambiguous.

of § 504 is lacking in the text of the relevant provisions. *Lane v. Pena*, 518 U.S. 187, 192 (1996) (holding that Congress did not waive the federal government's immunity against monetary damages awards beyond the narrow category of § 504(a) violations committed by "Federal provider[s]").

The Plaintiff's Rehabilitation Act claims against HUD must be dismissed.

**3.**     ***Constitutional Claims***

The Plaintiff alleges that HUD violated her Fourth Amendment right to be free from unreasonable searches. (Pf.'s Comp., ¶¶ 8, 18.) In her proposed amendments, she contends that HUD's inspection of her apartment was discriminatory and violated her rights "under the Constitution to due process, equity, to be free from unreasonable search and seizure of her residence." (Am. Comp., ¶ 3.) The Court lacks jurisdiction over the subject matter of the Plaintiff's constitutional claims.

"The United States has not waived its sovereign immunity with respect to damage claims for constitutional violations. While *Bivens* authorizes damage suits against individual federal officials, it does not authorize such suits against the United States, its agencies, or its employees in their official capacities." *Marozsan v. United States*, 849 F. Supp. 617, 637 (N.D. Ind. 1994) (dismissing constitutional tort claims against the United States) (citations omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (holding that a *Bivens* action may only be maintained against a federal official in his or her individual capacity; it cannot be maintained against the United States or a federal agency); *Kaufmann v. United States*, 840 F. Supp. 641, 648 (E.D. Wis. 1993) (concluding that *Bivens* claims against the United States are barred by sovereign immunity).

**D.     The Plaintiff's Motion to File Sur-Response**

The Plaintiff argues that she should be given leave to respond to new arguments presented by the government in its reply brief in support of the motion to dismiss. Local Rule 7.1 does not contemplate the filing of a sur-response. *See* N.D. Ind. L.R. 7.1. The Court has already received the standard briefs and finds that the issue of sovereign immunity, which was fully presented in those briefs, is dispositive. The Plaintff's motion is denied as moot.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend Complaint [DE 26] is DENIED as to HUD. The government's Motion to Dismiss [DE 31] is GRANTED. The Plaintiff's claims against HUD are dismissed with prejudice. The Plaintiff's Motion for Extension of Time to File Sur-Response [DE 43] is DENIED as MOOT.

SO ORDERED on October 25, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT