**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TERESA CARNIDAD ECHEMENDIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-53-TS |
| | ) | |
| GENE B. GLICK MANAGEMENT | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Preliminary Injunction filed on October 11, 2005. The Plaintiff, Teresa Carnidad Echmendia, seeks to enjoin the Defendants from terminating her from its Section 8 housing program. The Defendants, Gene B. Glick Management Corporation, Woodbridge Apartments of Fort Wayne, Phase I, Farrington Apartments, Richfield Apartments, Kolleen Scott, Cindy Bane, Sharon Hankins, and Desiree Elett filed a response on October 31, 2005. On November 4, 2005, the Plaintiff replied.

**A.      Scope and Ripeness of Proposed Injunction**

The Plaintiff asks the Court to forbid the Defendants from terminating her from its section 8 housing program. She argues that the Defendants have not followed the recertification requirements and that they are using the recertification process to retaliate against her for filing discrimination claims. Therefore, she refuses to cooperate in the recertification process.

The Plaintiff has sued the Defendants under the Fair Housing Act, Section 504 of the Rehabilitation Act, and Indiana Housing laws, alleging that the Defendants have discriminated against her on the basis of her disability and race and failed to accommodate her disability. She also

claims that the Defendants have breached their lease agreement with her and that inspection of her apartment violates the Constitution. She seeks an injunction because she believes the Defendants are now retaliating against her by threatening to terminate her from its section 8 program and by failing to follow regulations applicable to her recertification process.

The law requires the Plaintiff to be recertified each year to remain within the section 8 program, 24 C.F.R. § 886.324, and failure to consent and provide information required can result in termination from the program. 24 C.F.R. §§ 5.218; 5.323. The Plaintiff does not challenge the constitutionality of these regulations and the Court will not issue an injunction ordering the Defendants to stop following them.

The situation in this case is analogous to the situation in *United States v. Village of Palatine*, 37 F.3d 1230 (7th Cir. 1994). In that case, the Plaintiff sought an injunction to prevent the eviction of members of a group home for violating zoning laws, claiming enforcement of the zoning laws violated the city's duty under the Fair Housing Act to make reasonable accommodation for the disabled. Procedures were available to the group home to apply for exemption from the zoning laws, but because they refused to seek an exemption, the city sought eviction. The Court held that the issue was not ripe: because the group home had not sought an exemption, the City had no chance to authorize the group home's noncompliance with the zoning laws. *Id.* at 1232–1233.

The situation is similar to the one here. The Plaintiff seeks an injunction preventing her termination from the section 8 housing program, arguing the Defendants are using it to retaliate against her. However, the Defendants are obligated by law to reexamine her income and determine whether she still qualifies, and if she refuses to provide the necessary information, they are required to terminate her from the program. As in *Village of Palatine*, the issue is not ripe until the Plaintiff

submits to the required process and receives an adverse result.

It may be that the Plaintiff is asking the Court to issue an injunction requiring the Defendants to comply with regulations administering the recertification process for section 8 housing or to comply with the parties' lease agreement. The Court cannot determine whether the parties have complied with their lease agreement because the agreement has not been filed with the Court. The Court will consider whether the Plaintiff has shown an injunction to be necessary to prevent retaliation by the Defendants through discriminatory application or misapplication of the rules governing the recertification process.

While she also specifically questions the "constitutionality of the requirement of an annual inspection of [her] apartment as part of the recertification," (Pf.'s Mot. Injunction 19), the Plaintiff offers no basis for her contention that such an inspection is unconstitutional. The Plaintiff has standing to challenge such a search, as the regulations call for inspections of housing units to insure that the apartment complex participating in the section 8 program is meeting its contractual obligations. 24 C.F.R. § 886.123.  The regulation is not unconstitutional on its face, as an administrative search is constitutional so long as a warrant is obtained. *Camara v. Mun. Court of the City & County of San Francisco*, 387 U.S. 523, 539–40 (1967). The Court cannot determine whether the future search is constitutional at this point. It may be that the Plaintiff's lease allows inspections, that the inspectors will not be state actors, or that the inspectors will get warrants for their inspection. At any rate, the Court will not enjoin the Defendants from carrying out an inspection under the applicable regulations.

**B.      Standard for Issuing a Preliminary Injunction**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–30 (2d ed.1995) (emphasis added and footnotes omitted). "As an initial matter, the plaintiff must demonstrate (1) a better than negligible chance of succeeding on the merits, and (2) the inadequacy of legal remedies. *Boucher v. Sch. Bd. of Sch. Dist. of Greenfield*, 134 F.3d 821, 823–24 (7th Cir. 1998) (citations and quotations marks omitted). If the plaintiff makes a satisfactory showing of both of these requisites, the court proceeds to balance the harm the injunction would impose on the defendant against the injury the plaintiff would suffer without the injunction. *Id.* at 824; *see also Machlett Labs., Inc. v. Techny Indus., Inc.,* 665 F.2d 795, 796–97 (7th Cir. 1981) (stating that the well known standard for granting a preliminary injunction requires the plaintiff to show that: (1) she has at least a reasonable likelihood of success on the merits; (2) she has no adequate remedy at law and will otherwise be irreparably harmed, (3) the threatened injury outweighs the threatened harm the preliminary injunction may cause the defendants, and (4) the granting of the preliminary injunction will not disserve the public interest).

**C.      Likelihood of Success on the Merits and Adequate Remedy at Law**

Title 42 U.S.C. § 3617 prohibits coercion, intimidation, threats, or interference with a person's rights under the Fair Housing Act. Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" rights granted by the Fair Housing Act. 42 U.S.C. § 3617.  To prevail on a claim under this section, the Plaintiff must establish

4

that (1) she is a protected individual under the FHA; (2) she was engaged in the exercise or enjoyment of her fair housing rights; (3) the Defendants were motivated in part by an intent to discriminate, their conduct produced a disparate impact, or the Defendants failed to make reasonable accommodation for her disability, and (4) the Defendants coerced, threatened, intimidated, or interfered with Plaintiff on account of her protected activity under the FHA. *East-Miller v. Lake County Hwy. Dept.*, 421 F.3d 558, 563 (7th Cir. 2005). In order to prove intentional discrimination, a plaintiff may establish that the Defendants had a discriminatory intent either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the *McDonnell Douglas* test. *Id.*

The Plaintiff has failed to show the Defendants were motivated by an intent to discriminate. The Plaintiff has not made any effort to show that the Defendants conduct was motivated by her race or disability or that the Defendants' conduct has produced a disparate impact on ethnic minorities or the disabled. Also, the Plaintiff seeks no accommodation for her disability with regards to how the recertification process is to be carried out. Without showing intentional discrimination, her claims have no chance to succeed on the merits. In addition, based on the Plaintiff's description of events, the Court is unconvinced that the Defendants have violated any of the applicable regulations, and if any violations did take place, they do not appear to have been intentional. The Plaintiff may view the Defendants actions as coercive or intimidating, but the Defendants' failure to accede to every wish and demand of the Plaintiff or submit to her interpretations of the regulations governing the recertification process does not amount to intimidation or coercion.

**CONCLUSION**

For the reasons stated, the Court OVERRULES the Plaintiff's motion [DE 41] for a preliminary injunction.

SO ORDERED on December 9, 2005.

 /s/ Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT