UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERESA C. ECHEMENDIA,           )<br>                                                    )<br>        Plaintiff,                            )<br>                                                    )<br>        v.                                        )           CAUSE NO.  1:05-CV-00053<br>                                                    )<br>GENE B. GLICK MANAGEMENT   )<br>CORPORATION, et al.,                )<br>                                                    )<br>        Defendants.                         ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Denial of Her Motion for Temporary Restraining Order (Docket # 65) filed by *pro se* Plaintiff Teresa Echemendia.  In her motion, Echemendia requests that the Court reconsider its January 30, 2006, Order (Docket # 63), which denied her second request for injunctive relief (Docket # 51).[1]  In that motion, Echemendia sought reinstatement of her Section 8 housing subsidy, and an order deeming the reinstatement effective as of December 1, 2005, the date it was actually terminated. (*See* Docket # 51.)  However, for the reasons set forth herein, Echemendia's motion to reconsider achieves no better result than her motion for injunctive relief.

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v.*

---

[1] Echemendia's first motion for injunctive relief (Docket # 41), which sought to prevent Defendants from terminating her Section 8 housing subsidy, was denied by Judge Springmann on December 9, 2005 (Docket # 48).

*Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare").  A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.

> To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion.

*Id*.  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

It appears, however, that in her twenty-six page motion, Echemendia merely re-packages or rehashes prior arguments, all which were unsuccessful the first time.  Likewise, despite Echemendia's arguments, we see that no "manifest error of law or fact" was committed in denying her motion for injunctive relief.

Echemendia does assert, however, that she has newly-discovered evidence, which allegedly demonstrates that Defendants harbored some ill intent associated with her disability when they failed to recertify her Section 8 subsidy.  Regardless, even if we consider this evidence to be relevant, Echemendia fails to show that by exercising reasonable diligence she could not have discovered and produced it during the pendency of either one of her prior motions.  Therefore, her motion to reconsider fails on all possible fronts.

For the foregoing reasons, Echemendia's Motion for Reconsideration of the Court's

2

Denial of Her Motion for Temporary Restraining Order (Docket # 65) is DENIED.[2]

Enter for this 13th day of March, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] At the same time Echemendia filed her Motion for Reconsideration, she also filed a "Motion Asking the Court to Stay Its Judgment Denying the Plaintiff's Motion for a Temporary Restraining Order," requesting that the Court "issue a stay of its denial of the TRO pending its decision on her 'Motion to Reconsideration.'" (Docket # 64.) Since the Court is issuing a decision on her Motion for Reconsideration, her motion to stay (Docket # 64) is hereby DENIED AS MOOT.