UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERESA C. ECHEMENDIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-00053 |
| | ) | |
| GENE B. GLICK MANAGEMENT | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is what is styled as a "Motion for Court's Opinion" (Docket # 79) filed by *pro se* Plaintiff Teresa Echemendia, requesting that the Court clarify whether her *in forma pauperis* ("IFP") status means that the government must pay the Court Reporter's fee associated with preparing a transcript concerning her appeal to the Seventh Circuit Court of Appeals.  For the reasons set forth herein, Echemendia is not entitled to a transcript at public expense and therefore, any such request is DENIED.

A plaintiff proceeding IFP in a civil case is not entitled to a free transcript unless her appeal "is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).  The standard for determining whether an appeal is not frivolous but presents a substantial question under Section 753(f) is "whether the issue on appeal judged on an objective basis is a question which is 'reasonably debatable.'" *Linden v. Harper & Row, Inc.*, 467 F. Supp. 556, 557 (S.D.N.Y. 1979) (internal quotation marks omitted); *see also United States v. Frost*, 344 F. Supp. 2d 206, 208 n.1 (D. Me. 2004); *Jones v. Banks*, No. 92 C 8335, 1995 WL 654008, at *1 (N.D. Ill. Nov. 3, 1995); *Nolt v. Strausser*, 761 F. Supp. 18, 19 n.2 (E.D. Pa. 1990); *Handley v. Union Carbide Corp.*, 622

F. Supp. 1065, 1067 (S.D. W. Va. 1985). This standard is distinct from the "good faith" test of 28 U.S.C. § 1915(a) and Rule 24(a)(3) of the Federal Rules of Appellate Procedure associated with certifying a plaintiff's IFP status; thus, an appeal may be considered not frivolous for purposes of granting IFP status, yet may still be found frivolous as not presenting a substantial question under Section 753(f).[1] *Linden*, 467 F. Supp. at 557; *Nolt*, 761 F. Supp. at 19 n.2; *Handley*, 622 F. Supp. at 1067.

Here, Echemendia first sought a preliminary injunction from Judge Springmann, requesting that Defendants be ordered to refrain from terminating her Section 8 housing subsidy (Docket # 41), which was ultimately denied (Docket # 48). Two months later, after Defendants had in fact terminated her housing subsidy, Echemendia filed her second request for injunctive relief, this time requesting that the Court command Defendants to reinstate her Section 8 housing subsidy and deem it effective as of the date it was terminated. (Docket # 51.) In its January 30, 2006, Order, this Court denied Echemendia's request for a mandatory injunction (Docket # 63), and in its March 13, 2006, Order, denied her request upon reconsideration (Docket # 73).

Echemendia is now appealing this Court's January 30 and March 13, 2006, Orders. (*See* Docket # 74.) In her appeal, Echemendia does not assert that the Court misconstrued the facts presented on the record; rather, her appeal centers on numerous alleged errors of law. (*See* Docket # 74.) In essence, in light of the relevant legal standard discussed *supra*, Echemendia's motion for a free transcript boils down to whether the Court's denial of her request for a

---

[1] Another factor courts have considered relevant is whether the transcript is necessary for the presentation of the appeal. *Linden*, 467 F. Supp. at 557; *Frost*, 344 F. Supp. 2d at 208 n.1. Because Echemendia's claim ultimately fails to present a substantial question, it is not necessary for the Court to consider this additional factor. However, as discussed *infra*, we note that Echemendia's appeal centers on alleged errors of law and does not dispute the hearing proceedings or the facts articulated therein.

mandatory injunction judged on an objective basis is a question which is "reasonably debatable."

As articulated in the Court's January 30, 2006, Order, in filing her motion Echemendia faced a "daunting legal burden" at the onset, as "mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued." (Op. and Order at 2-3 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).)  To prevail on a motion for a preliminary injunction, the moving party must show that "(1) its case has a likelihood of success on the merits; (2) no adequate remedy of law exists; and (3) it will suffer irreparable harm if the injunction is not granted." (Op. and Order at 3 (quoting *FoodComm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003).)  If these three conditions are met, the court, employing a sliding-scale approach, must balance the harm to the nonmoving party if the injunction is issued against the harm to the moving party if it is not issued, (Op. and Order at 3 (quoting *FoodComm,* 328 F.3d at 303)), and must consider any consequences to the public from denying or granting the injunction, (Op. and Order at 3 (quoting *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002)).

Here, Echemendia failed to establish *any* of the elements required for the granting of a preliminary injunction.  As to the first element (the likelihood of success on the merits), Echemendia failed to argue that Defendants were motivated by an intent to discriminate against her based upon her disability or national origin, one of the required elements of a claim of retaliation under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. (Op. and Order at 5-6 (citing *East-Miller v. Lake County Highway Dept*., 421 F.3d 558, 563 (7th Cir. 2005).)  Nor did Echemendia identify anyone who did not assert complaints but was treated more favorably by Defendants, dooming any other type of retaliation claim that she may have intended to allege. (Op. and Order at 6-7 (quoting *Grossbaum v. Indianapolis-Marion County Bldg. Auth.*, 100 F.3d

1287, 1296 (7th Cir. 1996).)

As to the second element (no adequate remedy of law), Echemendia can be made whole through the award of monetary damages, a point she conceded at the January 25 hearing, as the loss of her subsidy is a discrete, calculable amount. (Op. and Order at 7 (citing *Ram Prods. Co., Inc. v. Chauncey*, 967 F. Supp. 1071, 1085 (N.D. Ind. 1997).)  Likewise, any claim of irreparable harm was negated, as Echemendia has the option to stay in her apartment and pay market rent, such that her economic loss can be calculated and compensated by monetary damages. (Op. and Order at 7-8 (citing *Ram Products*, 967 F. Supp. at 1085).)

Moreover, when the Court performed the sliding-scale analysis, which it was not required to do since Echemendia was unable to surmount even the basic requirements for an injunction, (Op. and Order at 8 (citing *Celebration Intern., Inc., v. Chosen Intern., Inc.,* 234 F. Supp. 2d 905, 919-20 (S.D. Ind. 2002)), the public interest at stake – the consistent, equitable, and efficient distribution of public housing benefits – caused Echemendia's request to pale even further. (Op. and Order at 8.)  Defendants had a fixed number of Section 8 housing slots available and had offered Echemendia's slot to another individual on the waiting list; meaning that the relief requested by Echemendia would necessitate the withdrawal of Section 8 housing benefits from an innocent party so that Echemendia could be reinstated. (Op. and Order at 8-9.)  Based on the record, most notably Echemendia's clear awareness of the consequences if she neglected the recertification deadline, Echemendia's request clearly ran counter to the public interest at stake. (Op. and Order at 9.)

Therefore, considering that Echemendia failed on *every aspect* of her request for a mandatory injunction, the Court's decision on her motion for injunctive relief can hardly be

considered "reasonably debatable." As a result, Echemendia's appeal fails to raise a substantial question under Section 753(f), and thus her request for a transcript at public expense (Docket # 79) is hereby DENIED.

Enter for this 13th day of April, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge