UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION


| | | |
|---|---|---|
| TERESA C. ECHEMENDIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-00053 |
| | ) | |
| GENE B. GLICK MANAGEMENT | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |


OPINION AND ORDER

Before the Court is a motion for reconsideration (Docket # 71) filed by *pro se* Plaintiff

Teresa Echemendia, requesting that the Court reconsider its denial (Docket # 70) of her request

for an extension of the deadline for filing amendments to her pleadings (Docket # 68).  For the

reasons set forth herein, Echemendia's motion to reconsider will be DENIED.[1]

A motion for reconsideration performs a valuable, but limited, function: "to correct

manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De*

*Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v.*

*Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a

motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be

---

[1] While Echemendia has filed an appeal (Docket # 74) with the Seventh Circuit Court of Appeals of this Court's January 30, 2006, Order (Docket # 63) denying her request for a mandatory injunction, and this Court's March 13, 2006, Order (Docket # 73) denying her request upon reconsideration, the instant motion does not concern those "aspects of the case involved in the appeal." *May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000); *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995).  Rather, it pertains solely to the Court's denial of Echemendia's request for an extension of her deadline for amendments to the pleadings.  Accordingly, this Court has jurisdiction to consider the instant motion while her appeal is pending. *See Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504-05 (7th Cir. 2006); *May*, 226 F.3d at 879-81; *Kusay*, 62 F.3d at 194; *Shevlin v. Schewe*, 809 F.2d 447, 450-51 (7th Cir. 1987).

equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70.

> To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion.

*Id*. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

Here, Echemendia asserts neither a manifest error of law or fact nor newly discovered evidence as the basis for her motion for reconsideration. Rather, she argues that because she "is severely disabled by mental illness," the Court should reconsider its previous denial of her request for an extension. (Mot. for Recons. of the Ct.'s Denial of Pl.'s Mot. for Ext. of Time for Filing (Second) Am. Compl. at 1.) Echemendia contends that she "has been unable to perform due diligence in regard to her (Second) Amended Complaint because she is now living under threat of eviction." (*Id*. at 2.)

Echemendia's argument, however, is unconvincing. The February 27, 2006, deadline for amendments to the pleadings by Echemendia was set at the January 25, 2006, scheduling conference *after* Echemendia was given an opportunity to comment on it. (*See* Docket # 62.) Since Echemendia explains that her illness has been lifelong, she obviously was familiar with her limitations when she agreed that the deadline was reasonable. Furthermore, and perhaps most telling, during the period that Echemendia claims her illness prevented her from attending to amendments to her complaint, she was able to prepare and file a twenty-six page motion

requesting that the Court reconsider its denial of her request for injunctive relief. (*See* Docket #

65.)  Clearly this illustrates that Echemendia was far from totally incapacitated during the period

preceding the February 27 deadline.

In summary, Echemendia fails to point to either a manifest error of law or fact or newly

discovered evidence to warrant her motion to consider, and her plea of disabling mental illness

does not fill the legal gap.  Accordingly, her motion to reconsider (Docket # 71) is DENIED.

This case is therefore proceeding on the current pleadings and on the existing schedule approved

at the January 25, 2006, hearing (*see* Docket # 62).

SO ORDERED.

Enter for this 14th day of April, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge