UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **TERESA CARIDAD ECHEMENDIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-00053 |
| | ) | |
| **GENE B. GLICK MANAGEMENT** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On October 16, 2006, the Court entered an Opinion and Order (Docket # 101) pursuant to which it deemed *pro se* Plaintiff Teresa Echemendia's Rule 56(f) motion (Docket # 96) to be a motion to compel with respect to two discovery requests.[1]  Pursuant to that Order, Defendants filed a supplemental response (Docket # 104) to the motion to compel, and Echemendia filed a supplemental reply (Docket # 105).  The motion is now fully briefed.

The first document Echemendia seeks to compel is a notice that Defendant Gene B. Glick Management Corporation ("Glick") was purportedly required to send to HUD when evicting a Section 8 tenant. (Aff. in Supp. of Mot. for Continuance ¶ 10.)  In response, Glick filed an affidavit stating that it "has made a diligent search and no such notice has been found." (Aff. of Cindy Bane ¶ 12); *see generally Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b).").  Glick also explains in the affidavit the effort it expended to attempt to

---

[1] Echemendia has since filed a second motion to compel (Docket # 103), which will be addressed in a separate order.

locate the document. (Bane Aff. ¶ 12.)  "Obviously, [Glick] cannot produce a document it does not possess." *Tomanovich v. Glen*, No. IP 01-1247 C Y/K, 2002 WL 1858795, at *2 (S.D. Ind. Aug. 13, 2002).  Thus, Echemendia's motion to compel is DENIED with respect to the requested HUD notice.

Second, Echemendia seeks to compel the production of any audits of Section 8 tenants' files maintained by Glick. (Aff. in Supp. of Mot. for Continuance ¶ 5.)  Apparently, this request is two-fold, as Echemendia requests not only the audits of her own files, but also the audits of the files of the other Section 8 tenants. (Aff. in Supp. of Mot. for Continuance ¶ 5.)

As to Echemendia's request for the audits of her own files, Glick responded by filing an affidavit stating that it "has made a diligent search and has found no audits of [Echemendia's] housing and resident files, for the relevant time period, other than those previously produced." (Bane Aff. ¶ 10); *see generally Fishel*, 175 F.R.D. at 531.  Glick also explains in the affidavit the search it conducted to locate any additional audits of Echemendia's files. (Bane Aff. ¶ 10.)  As articulated *supra*, Glick "cannot produce a document it does not possess." *Tomanovich*, 2002 WL 1858795 at *2.  Thus, Echemendia's motion to compel is DENIED with respect to the requested audits of her own files.[2]

As to Echemendia's request for the audits of the files of the other Section 8 tenants, Defendants argue that Echemendia never asked for this information during the discovery period, and thus her request now is dilatory. (Defs.' Supplemental Resp. to Pl.'s Mot. to Continue at 2-

---

[2] In her supplemental reply brief, Echemendia vaguely requests that the Court also compel the production of a "list of documents that have been lost, discarded, or destroyed," which she claims to have previously requested from Defendants, but never received. (Pl.'s Reply to Defs.' Resp. to her Mot. to Continue at 5.)  Of course, arguments raised for the first time in a reply brief are deemed waived, and thus her request is denied. *Nelson v. La Crosse County Dist. Att'y*, 301 F.3d 820, 836 (7th. Cir. 2002) ("It is well settled that issues raised for the first time in a reply brief are deemed waived.").

3.) Echemendia, however, contends that the requested audits are responsive to the following document request included in her first request for production of documents:

> All instructions, communications, bulletins, notices or other documents that relate to the requirements of, and compliance with, the Fair Housing Act of 1968, and/or the Fair Housing Amendments Act of 1988, the Rehabilitation Act of 1973, the Americans with Disabilities Act and the United States Housing Act of 1937, 42 U.S.C. Section 1437, et seq., provided by any defendant to any employees, agents, or other persons or entities (including tenants or prospective tenants) at any time since September 10, 2001.

(Pl.'s First Req. for Produc. of Docs. to Defs. ¶ 7.)

Echemendia's argument is persuasive, as the requested audits could ostensibly constitute "other documents" relating to Defendants' compliance with the requirements of the Section 8 program.  Furthermore, Defendants do not contend that these audits do not exist or that producing them would be unduly burdensome.  Therefore, Echemendia's motion to compel (Docket # 96) is GRANTED with respect to the audits of the files of other Section 8 tenants of Woodbridge Apartments that were "provided by any defendant to any employees, agents, or other persons or entities (including tenants or prospective tenants) at any time since September 10, 2001." (Pl.'s First Req. for Produc. of Docs. to Defs. ¶ 7.)  Defendants are ORDERED to produce any such responsive audits on or before December 13, 2006.[3]

---

[3] If Defendants claim they do not have any responsive documents, they must execute an affidavit (1) stating that after a diligent search there are no responsive documents in their "possession, custody, or control," other than those previously produced, and (2) describing their efforts to locate documents responsive to Echemendia's request. *See Cent. States, S.E. & S.W. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, No. 93 C 6169, 1997 WL 757879, at *4 (N.D. Ill. Dec. 2, 1997); *Brooks v. Singletary*, No. 88-C-2865, 1991 WL 94083, at *5 (N.D. Ill. May 24, 1991).  The phrase "possession, custody, or control" should be expressly incorporated into any affidavit.

Echemendia's motion to compel (Docket # 96) is DENIED in all other respects.  In addition, the Court will establish the date Echemendia's response to Defendants' motion for summary judgment is due when Defendants produce the responsive documents or affidavit, as the case may be, pursuant to this Order; until a response date is established, further briefing on the motion for summary judgment is stayed.

SO ORDERED.

Enter for this 13th day of November, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge