UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERESA C. ECHEMENDIA,         ) | |
|       ) | |
|     Plaintiff,                       ) | |
|       ) | |
|     v.                                 ) | CAUSE NO.  1:05-CV-00053 |
|       ) | |
| GENE B. GLICK MANAGEMENT ) | |
| CORPORATION, et al.,              ) | |
|       ) | |
|     Defendants.                    ) | |

**OPINION AND ORDER**

Before the Court is a Motion to Compel (Docket # 112) filed by *pro se* Plaintiff Teresa Echemendia pursuant to Federal Rule of Civil Procedure 37, asking that the Court order Defendants "to fully comply with its order of November 13, 2006[,] compelling them to provide the full audits associated with other Section 8 tenant files." (Mot. to Compel at 1.)  For the reasons stated herein, Echemendia's motion to compel will be DENIED.

*A.  Relevant Factual and Procedural Background*

On February 8, 2005, Echemendia commenced this lawsuit against Gene B. Glick Management Corporation, several Glick employees, and other related defendants, claiming that Defendants, who are primarily apartment building owners or managers, breached her housing contract and violated her civil rights by conspiring to segregate the housing of Hispanics and the disabled. (Docket # 1, 4.)

On August 11, 2006, Defendants filed a motion for summary judgment, and on September 1, 2006, Echemendia filed a Rule 56(f) motion, requesting a 120-day continuance to perform additional discovery so that she can respond to Defendants' motion for summary

judgment.[1] (Docket # 91, 96.) As a result of Echemendia's motion, the Court compelled Defendants to produce by December 13, 2006, certain audits responsive to Echemendia's Rule 56(f) discovery request, staying all briefing on the summary judgment motion until Defendants produced the responsive audits or, in the alternative, produced a requested affidavit. (Docket # 107.)

On December 13, 2006, Defendants produced responsive documents and the affidavit of Cindy Bane, a Regional Property Manager for Glick, which stated: "The documents attached to the Defendants' response to the order to compel are the only documents in the possession, custody or control of the Defendants that are potentially responsive to the compelled discovery request."[2] (Aff. of Cindy Bane (dated Dec. 12, 2006) ¶ 4.) The Court then lifted its stay on the briefing of the pending motion for summary judgment, ordering Echemendia to file her response on or before January 16, 2007. (Docket # 111.)

On December 20, 2006, Echemendia filed the instant motion to compel. (Docket # 112.) As of the date of this Order, Echemendia has yet to file a response to Defendants' motion for summary judgment.

### *B. Analysis*

In her motion, Echemendia challenges the sufficiency of Defendants' response to the Court's Order directing Defendants to produce the audits responsive to her discovery request.

---

[1] On October 23, 2006, Echemendia filed a second motion to compel, seeking to compel a laundry list of additional discovery responses that she failed to include in her Rule 56(f) motion. (Docket # 103.) On November 29, 2006, the Court took the motion under advisement, extending the deadline for the filing of Defendants' response to the motion until fourteen days after the Court's ruling on the pending motion for summary judgment. (Docket # 109.)

[2] On January 8, 2007, Defendants supplemented their discovery response with "attachments for the Qaulity Control Review Recaps missing from the December 13, 2006 production." (Aff. of Cindy Bane (dated Jan. 8, 2007) ¶ 5.)

Specifically, Echemendia essentially advances three nits concerning Defendants' discovery response: (1) that Defendants failed to produce a complete copy of HUD-9834, that is, the Management Review of Multifamily Properties; (2) that Defendants failed to produce the Regional Property Manager Resident File Quality Control Reviews from 2001 through 2003 and the attachments to the Reviews from 2004 through 2006; and (3) that there were portions missing from the Quality Control Review Recaps produced by Defendants.

Defendants offer the same response to each of Echemendia's contentions – that is, that they have no more responsive documents to produce.  To elaborate, Defendants produced numerous documents responsive to Echemendia's discovery request, together with Bane's affidavit, which stated that the produced documents were "the only documents in the possession, custody or control of the Defendants that are potentially responsive to the compelled discovery request." (Bane Aff. (dated Dec. 12, 2006) ¶ 4); *see Fishel v. BASF Group*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no [responsive] documents, plaintiff is entitled to a response as required by Fed. R. Civ. P. 34(b)."); *see also Eley v. Herman*, No. 1:04-CV-00416, 2006 WL 276741, at *4 (N.D. Ind. Feb. 2, 2006).  Bane also explains in her affidavit the effort she expended to attempt to locate any potentially responsive documents. (*See* Bane Aff. (dated Dec. 12, 2006) ¶ 7.)

While Echemendia spends much paper challenging the veracity and accuracy of Bane's affidavit and expounding various theories why she believes Defendants have more responsive documents than they have produced to date, she offers absolutely no evidence that suggests Defendants are withholding documents from her.  Here, Bane has attested that Defendants have produced all of the potentially responsive documents in their possession, custody or control.

3

"Obviously, [Glick] cannot produce a document it does not possess." *Tomanovich v. Glen*, No. IP 01-1247 C Y/K, 2002 WL 1858795, at *2 (S.D. Ind. Aug. 13, 2002); *see also Eley*, 2006 WL 276741, at *4.  Thus, the Court simply has no relief to afford to Echemendia at this juncture.  Of course, Defendants are "reminded of [their] duty to supplement [their] response pursuant to Fed. R. Civ. P. 26(e) if responsive documents are located." *Tomanovich*, 2002 WL 1858795, at *6; *see* Fed. R. Civ. P. 26(e).

      As a result, Echemendia's motion to compel will be DENIED.

### C. Conclusion

      For the foregoing reasons, Echemendia's Motion to Compel (Docket # 112) is DENIED.  In addition, since Echemendia apparently was under the mistaken belief that the deadline for her response to Defendants' summary judgment motion was automatically stayed by the filing of her motion to compel, the Court on its own motion GRANTS Echemendia up to and including February 16, 2007, to file her response to Defendants' summary judgment motion. *See generally Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." (internal quotation marks and citations omitted)).  Echemendia is cautioned, however, that this Court will afford her *no* additional extensions of time with respect to her response to Defendants' motion for summary judgment. *See generally United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.").

      SO ORDERED.

4

Enter for this 2nd day of February, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge